**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7318**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

CLESHON JOAQUIN MACK,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Senior District Judge.  (4:04-cr-00582-TLW-1)

Submitted:  February 24, 2021              Decided:  March 5, 2021

Before WILKINSON and MOTZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Cleshon Joaquin Mack, Appellant Pro Se.  Arthur Bradley Parham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cleshon Joaquin Mack appeals the district court's order denying his motion for relief under 18 U.S.C. § 3582(c)(1)(A)(i). He argued that extraordinary and compelling circumstances justified relief from his sentence, noting that under the revisions to the statutory penalties under 18 U.S.C. § 924(c), pursuant to § 403 of First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, his sentence would have been significantly lower, referencing his relative youth at the time of his offense, the fact that he had served over two-thirds of his sentence, and his postconviction rehabilitation.

Citing *United States v. Jordan*, 952 F.3d 160, 163 (4th Cir. 2020) ("holding that § 403 of the First Step Act does not apply retroactively to cases pending on direct appeal when it was enacted"), *cert. denied*, 2021 WL 78100 (U.S. Jan. 11, 2021) (No. 20-256), the district court denied relief. When the district court entered its order, it did not have the benefit of our decision in *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (holding that, because "[t]here is as of now no applicable policy statement [issued by the United States Sentencing Commission] governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)," district courts are "empowered to consider any extraordinary and compelling reason for release that a defendant might raise" (internal quotation marks and alteration omitted)). In *McCoy*, we upheld the granting of compassionate release to defendants sentenced under the pre-First Step Act § 924(c) provisions who sought relief based on arguments similar to those raised by Mack. *Id.* at 288.

While we express no opinion as to the merits of Mack's claims, we vacate the district court's order and remand for further proceedings in light of *McCoy*.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*